DOUCET, Judge.
The Lafayette Parish School Board, appellant, by summary proceeding, sought to compel Market Leasing Company, Inc., an Iberia Parish Corporation, to pay a 2% tax on the rentals from long-term automobile leases to Lafayette Parish domiciliaries, plus penalties and attorneys fees. The trial court concluded that plaintiff had received all taxes to which it was entitled and denied recovery. Plaintiff appeals. We affirm.
Market Leasing operates out of Iberia Parish; its principal business operations consisting of the leasing of automobiles for periods in excess of six months. The company does not maintain a fleet available for lease but instead an automobile is purchased simultaneously with the obtaining of a new lease. Market Leasing retains title to the vehicle and the name and address of the lessee is reflected on the ^registration. The State collects the sales tax then remits that portion owing to the local governing authority pursuant to LSA-R.S. 47:303. In the present case, following the sale in Iberia Parish, a 5% tax was collected and forwarded to Baton Rouge. The Lafayette Parish School Board was listed on the accompanying forms as the local taxing authority and subsequently the Collector of Revenue remitted 2% to appellant.
The State collects no tax on the long term leasing of vehicles by virtue of an exemption granted by LSA-R.S. 47:305.23. However, the same statute provides that the exemption does not affect the taxation powers of local authorities. It is this taxing power which appellant seeks to exercise in the present case.
The trial court characterized the simultaneous sale-lease as one taxable transaction. Additionally, the trial court reasoned that, regardless of the number of taxable transactions plaintiff may contend to have taken place, the plaintiff had already received all to which it was entitled. The latter reasoning was premised upon the fact that if there were two separate transactions then Lafayette Parish was not entitled to collect the 2% on the sale, as this amount would be due to Iberia Parish, where the owner was domiciled and where the sale took place.
Appellant specifies as error both reasons assigned by the trial court for its dismissal of its demand. Defendant answered the appeal alleging the trial court judgment was correct, and, alternatively, that the Lafayette ordinance which imposes, a tax obligation upon an Iberia Parish resident is unconstitutional.
Laws regulating the collection of taxes or licenses are sui generis and constitute a system to which the general provisions of the Civil Code have little application. Generally, the exclusive method for attacking action of taxing authorities is a suit for recovery of taxes paid. LSA-R.S. 47:1576. Here, however, the defendant *25 does not seek recovery of taxes paid but alleges payment as defense to the present action. As no express tax provision deals with this matter the trial court was justified in resorting to codal articles to reach an equitable result. Appellee paid unto appellant a sales tax not due. cf: La.Civ. Code arts. 2133, 2302. Appellant thereafter brought suit for the same amount based upon the lease transaction. The trial court was within its discretion in concluding that the debt was extinguished by confusion. La.Civ.Code art. 2217. Not only is such a result equitable, La.Civ.Code art. 1965, and consistent with construction of tax statutes in favor of the taxpayer, Chicago Bridge and Iron Co. v. Cocreham, 317 So.2d 605 (La.1975), but it also serves the interests of judicial economy.
For the above and foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.