440 So.2d 81 (1983)
LAFAYETTE PARISH SCHOOL BOARD
v.
MARKET LEASING CO., INC.
No. 82-C-0306.
Supreme Court of Louisiana.
February 4, 1983.
On Rehearing October 17, 1983.
Rehearing Denied November 18, 1983.
H. Purvis Carmouche, Jr., Mouton, Roy, Carmouche, Bivins, Judice & Henke, Lafayette, for applicant.
Nan M. Landry, Alfred Smith Landry, Landry, Watkins & Bonin, New Iberia, Riley J. Boudreaux, Bobby S. Gilliam, Arthur R. Carmody, Wilkinson & Carmody, Shreveport, for respondents.
LEMMON, Justice.
This is an action to collect a "sales tax" allegedly due by defendant on the longterm lease of vehicles to lessees who are domiciled in Lafayette Parish. The primary issues are (1) whether any additional tax is due to the Lafayette Parish School Board on leases of vehicles, when the Iberia Parish lessor had purchased specific vehicles for already negotiated long-term leases *82 with Lafayette Parish domiciliaries and had paid a sales tax as purchaser on the sales of the vehicles, and (2) whether the lease transactions in this case are leases within Lafayette Parish so as to be subject to tax under the parish ordinance.

I.
Defendant, a corporation domiciled in Iberia Parish, is in the business of renting automobiles on long-term leases. When a new lease is obtained, defendant purchases an automobile for the specific lease and obtains a title as owner of the vehicle, remitting the total (state and parish) sales tax to the Collector of Revenue. All lease transactions take place in Iberia Parish, and defendant does not have an office or any salesmen operating in Lafayette Parish. The registration license issued to defendant by the state contains the name and address of the lessee. Although there was a Lafayette Parish ordinance requiring lessors to collect a tax on leases "within this Parish", defendant did not collect from the lessee or remit to the Lafayette Parish School Board any taxes on payments on leases to domiciliaries of Lafayette Parish.
When the Lafayette Parish School Board attempted to collect a tax from defendant on the monthly payments under leases of vehicles rented to Lafayette domiciliaries, defendant resisted on several grounds. The Board then filed this action, asserting that defendant should have collected and remitted the taxes. After trial on the merits, the trial court dismissed the suit, finding that the local tax collected on the sale was incorrectly remitted to the Board by the Collector of Revenue and that the Board is "entitled to no more". The court noted that a decision in favor of the Board "would result in taxing both the sale and the leasing of the vehicle".
The court of appeal affirmed, holding that defendant had paid the Board a tax not due and that defendant's debt to the Board was extinguished by confusion. 407 So.2d 23. We granted certiorari. 412 So.2d 87.

II.
In recent years, both state and local governments have enacted sales taxes which basically impose a tax not only on (1) the sale at retail of tangible personal property, but also on (2) the use or consumption, the distribution, and the storage for use or consumption of such property, (3) the lease or rental of such property, and (4) the sale of services.
Under present state law, La.R.S. 47:302 A imposes a tax on the sale or the use of each item of tangible personal property sold at retail or used in the state; Section 302 B imposes a tax on the lease or rental of each item of tangible personal property within the state; and Section 302 C imposes a tax on sale of services within the state.
At the local level in Lafayette Parish, Ordinance No. 1, adopted in 1965 by the Lafayette Parish School Board pursuant to La.R.S. 33:2737, imposes a tax upon the lease or rental of tangible personal property within the parish at the rate of 1% of the monthly lease or rental payments made or agreed to be made by the lessee.[1] Section 2.01(4). The ordinance, substantially tracking the state statute, also imposes a tax on the sale at retail and the use of tangible personal property, as well as on sales of services.
The Legislature, apparently realizing that the imposition of a tax on several different transactions involving the same property may result in some unintended duplication, has enacted many exclusions and exemptions from state taxes as to specific items.[2] Pertinent to the tax on leases, La.R.S. 47:305.23 A exempts lessors or lessees of automobiles and trucks from the payment *83 of tax on the rental or lease payments, when the lease term is six months or more and a tax has been paid to the state on the sales price of the vehicle. However, the exemption expressly does not apply to taxes on lease or rental payments which have been imposed by school boards or other local taxing authorities. La.R.S. 47:305.23 B. Thus, as to the tax on lease or rental payments imposed by the ordinance enacted by the Lafayette Parish School Board, there is no exemption for long-term leases of vehicles on which taxes have already been paid on the sale or use of the vehicle, and there is no provision for deduction of previously paid taxes on the sale or use of the vehicle as a credit on the tax due the Board on the lease of the vehicle.[3]
As to collection of the tax, La.R.S. 47:303 provides that the tax shall be collectible from the dealer, as defined in Section 301, except the tax imposed by Section 302 A (sales or use tax) on vehicles, which the vehicle commissioner collects at the time of the application for registration license or certificate of title. The dealer in turn is authorized to collect the tax from the purchaser or consumer (except for sales or use tax on motor vehicles) as an amount added to the sales price or charge, and the dealer who fails, neglects or refuses to collect the tax is himself liable to the state for the tax. The Lafayette ordinance contains similar provisions. See Sections 2.03, 4.01 and 4.06.
Thus, both the state and local laws contemplate that there are two taxable transactions when a party purchases a vehicle and then enters into a long-term lease of that vehicle. Moreover, the two taxes are imposed on two different parties. In the first transaction (the sale) the tax is imposed on the purchaser (who ultimately becomes the lessor), while in the second transaction (the lease) the tax is imposed upon the lessee. Finally, the sales tax is a onetime levy on the amount of the sale, whereas the lease tax is a recurring levy on the amount of each monthly rental installment paid or agreed to be paid by the lessee. See La.R.S. 47:302 B(2) and Ordinance No. 1, Section 2.01(4). Of course, the amount of the tax on the lease is considerably different from that on the sale, depending on the amount of monthly rental installments and the term of the lease.
On the basis of all these considerations, we conclude that the lower courts erred in holding that the Board could not collect a tax from defendant on leases of vehicles merely because defendant had already paid a tax on the retail sale of the vehicle.[4]
Nevertheless, for reasons different from those expressed by the lower courts, we conclude that the Board is not entitled to collect the tax on the lease payments. We hold that this is not a lease within Lafayette Parish and that a parish or city school board, in the absence of express authorization from the Legislature, cannot impose a tax on an out-of-parish lease.[5]
The Board argues, however, that the location of the leased property determines where the act of leasing takes place. On this point the Board cites Central Marine Service, Inc. v. Collector of Revenue, 162 So.2d 81 (La.1964). In the Central Marine case, the Collector sought to collect a tax on leases of barges, but only insofar as the barges were used by plaintiff's customer on waterways within the state. The court held that the tax was not upon the right to use *84 the waterways or upon the use of the barges, but was upon the act of leasing in combination with the possession or use by the lessee within the state.
The Central Marine decision (which involved lessors who were Louisiana domiciliaries and leases which were confected within the state) did not purport to answer the question presented in this case, in which the Board is attempting to collect a lease tax from an out-of-parish lessor solely because the lessee is domiciled in Lafayette Parish.
The leases of the vehicles in this litigation were confected in Iberia Parish, where the lessor is domiciled. The lease installments were paid to the Iberia Parish domiciliary, who enjoyed any profits on the transaction. The lessor had no office and no salesmen or agents operating in Lafayette Parish. Although each lessee was domiciled in Lafayette Parish, the vehicles could be used anywhere, in any parish in the state or outside the state.
Furthermore, a lease tax (like a sales tax) is a tax on the transaction and is not a tax on the possession or use of the property. Therefore, the determination of the location of the act of leasing for lease tax purposes should be based on considerations similar to the determination of the location of the act of selling for sales tax purposes. In the sales tax situation, the local tax on the sale of tangible personal property (except for vehicles), while imposed on the buyer, must be collected by the seller who is in the business of making retail sales within that parish. For sales tax purposes, the location of each sale is the parish in which the transaction takes place, regardless of the domicile of the buyer.[6] Similarly, the local tax on the lease of tangible personal property, while imposed on the lessee, must be collected by the lessor who is in the business of making leases within that parish. For lease tax purposes, the location of each lease is the parish in which the transaction takes place, regardless of the domicile of the lessee.[7] We accordingly hold that the leases at issue were not leases "within this Parish", as contemplated by the Lafayette ordinance, and that defendant does not owe any taxes on the lease payments.
For these reasons, the judgments of the lower courts are affirmed.
WATSON, J., dissents, being of the opinion that the lease is "in the Parish" within the contemplation of the Lafayette Parish ordinance.

ON REHEARING
DIXON, Chief Justice.
The plaintiff, Lafayette Parish School Board, initiated this action to collect from the defendant, Market Leasing Company, Inc., a lessor of automobiles, domiciled and doing business in Iberia Parish, a tax on the proceeds from automobile leases whenever the lessee is a resident of Lafayette Parish. The lessees of the automobiles were not made defendants.
On October 14, 1980 Lafayette Parish filed a rule to show cause why Market Leasing should not be ordered to cease doing business until such time as it has paid delinquent lease taxes, interest, penalties and costs. After trial on the merits the court denied the school board's demands, finding that the board had received the full 2% in taxes that it was demanding in this lawsuit.
The court of appeal affirmed the judgment of the district court. We granted writs on application of the school board. *85 Lafayette Parish School Board v. Market Leasing Co., Inc., 412 So.2d 87 (La.1982). Our original opinion was rendered on February 4, 1983 and this rehearing was granted on March 24, 1983.
Market Leasing engages in the business of renting automobiles on long-term leases. It purchases automobiles only after it has a leasing arrangement with a customer, and when registering title to the vehicle, it identifies the lessee on the certificate of registration. It then pays to the vehicle commissioner a sales tax at a rate equal to the total of the state and local sales taxes. Market Leasing has not paid any taxes on its leases.
The school board audited the files of Market Leasing and determined that $2,352.68 in back taxes was due for the period April, 1977 through April, 1980. The lower courts found that the school board had received sales or use taxes from the defendant and was entitled to no more.
In our original opinion we correctly held that "the lower courts erred in holding that the Board could not collect a tax from defendant on leases of vehicles merely because defendant had already paid a tax on the retail sale of the vehicle.4" Footnote 4 in that opinion reads:
"Upon purchasing each vehicle, defendant correctly paid state and local taxes on the retail sale to the Collector of Revenue [vehicle commissioner as agent for the Collector of Revenue]. However, the question of whether or not the Collector remitted the local tax portions to authorities of the proper parish is not at issue in this action to collect a tax on a separate and distinct transaction involving the lease of the vehicle."
We continue to subscribe to that holding and to its reasoning that:
"... both the state and local laws contemplate that there are two taxable transactions when a party purchases a vehicle and then enters into a long-term lease of that vehicle. Moreover, the taxes are imposed on two different parties. In the first transaction (the sale) the tax is imposed on the purchaser (who ultimately becomes the lessor), while in the second transaction (the lease) the tax is imposed upon the lessee. Finally, the sales tax is a one-time levy on the amount of the sale, whereas the lease tax is a recurring levy on the amount of each monthly rental installment paid or agreed to be paid by the lessee. See La.R.S. 47:302B(2) and Ordinance No. 1, Section 2.01(4). Of course, the amount of the tax on the lease is considerably different from that on the sale, depending on the amount of monthly rental installments and the term of the lease."
The lower courts were perhaps confused by the legislation governing state taxation at that time. The state tax was levied upon either the sale of vehicles or their lease, but not both, if the lease is for a period longer than six months.
Under the state taxing law:
"Lessors or lessees of automobiles or trucks shall be exempt from the payment of a sales or use tax on the rental or lease payments on such vehicles provided that the term of the lease is for a period of six months or more and further provided that the sale and use tax imposed on the sales price or cost price of such vehicle has been paid to the state of Louisiana at the time such vehicle was titled and/or transferred into the state of Louisiana...." R.S. 47:305.23 A (repealed by Acts 1982, No. 415 § 3 and replaced by R.S. 47:305.36, Acts 1982, No. 415 § 1 which taxes the lease but not the sale).
However, that law continued:
"The exemption from the payment of a sales or use tax on the rental or lease payments on such vehicles does not apply to such taxes authorized and imposed by any school board, municipality, or other local taxing authority, notwithstanding any other provisions of law to the contrary,..." R.S. 47:305.23 B (repealed by Acts 1982, No. 415 § 3).
While the state will tax the purchase and lease transactions only once, the local taxing authorities may tax the transactions *86 separately. This "double taxation" is expressly authorized by law.
The school board's entitlement to tax revenue from the sale is not at issue in this case, despite the lower courts' consideration of that question. However, even if the school board were not entitled to the sales tax, its demand would not be extinguished by confusion. The extinction by confusion contemplates the unity of the qualities of debtor and creditor with respect to the same debt. Ranson v. Voiron, 176 La. 718, 146 So. 681, (1933); Waldauer v. Harris, 161 La. 10, 108 So. 107, (1926). Two very separate debts are discussed by the lower courts. One debt is a tax on the proceeds of leases; the other is a tax on the sale price of the vehicle.
R.S. 33:2737 authorizes "... any parish or city school board in the state ... to levy and collect a sales tax not in excess of one per cent ... upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the parish or city ..." Pursuant to this authorization, the Lafayette Parish School Board promulgated an ordinance imposing the sales tax.
Section 4.02 of that ordinance requires "[e]very dealer outside the Parish making sales of tangible personal property for distribution, storage, use or other consumption in this Parish ... [to] at the time of making sales, collect the tax imposed by this ordinance from the purchaser." The ordinance defines sales to include "any transfer of title or possession, or both, exchange, barter, lease, or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property for a consideration." Sales and Tax Ordinance, Section 1.17.
The taxable incident is not the isolated act of signing the lease agreement, but is the act of the lessor sending his property into Lafayette Parish and collecting monthly rentals for the use of his property by Lafayette Parish residents. This transfer of possession for a consideration is taxable by the Lafayette Parish School Board.
The act of leasing includes the possession by the lessee, and continued contact between lessor and lessee to ensure that the automobile is "properly maintained and protected against waste; that it is kept in an acceptable state of repair; that it is covered by insurance sufficient to protect the interest of the owner; ... that the rents ... are paid by the lessee as they periodically accrue under the terms of the lease." Kirk v. Western Contracting Co., 216 So.2d 503, 507 (Fla.Dist.Ct.App. 1st Dist.1968), cert. den. 225 So.2d 535 (Fla.1969).
The lessor has no office and no salesmen or agents operating in Lafayette Parish, but it does have personal property in the parish. To protect its property interests, the lessor could avail itself of "all the protections and privileges accorded ... domiciliariespolice and fire protection, access to... courts, etc." Collector of Revenue v. Wells Fargo Leasing Corp., 393 So.2d 1244, 1245 (La.1981).
This court has, in the past, upheld state taxation on proceeds from lease agreements signed outside of the state when the leased property was used inside Louisiana. McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App. 1980), writ den. 396 So.2d 898 (La.1981); Saenger Realty Corp. v. Grosjean, 194 La. 470, 193 So. 710 (1940).
In our earlier opinion, we recognized that the leased vehicles "could be used anywhere, in any parish in the state or outside the state." To avoid multiple taxation, it is necessary to identify one situs for the act of leasing. The "act of leasing" takes place where the vehicle is kept; that is, where the lessee can be located if lease payments are missed or if the leased property is damaged. The parish declared by the lessee as his domicile, residence or business address, the place where he can be found, is entitled to receive the tax on the proceeds from the lease. See Central Marine Service, Inc. v. Collector of Revenue, 162 So.2d 81 (La.App. 1964), writ refused 246 La. 355, 164 So.2d 353 (1964).
*87 Market Leasing has objected to the school board's attempt "to extend its taxing authority beyond the parish boundaries." We have determined that Market Leasing owns property in Lafayette Parish, establishing a sufficient nexus to constitutionally support the imposition of the duty to collect and pay taxes to Lafayette Parish. National Geographic Society v. California Board of Equalization, 430 U.S. 551, 558-9, 97 S.Ct. 1386, 1391, 51 L.Ed.2d 631 (1977).
By engaging in a business that allows its property to be transported into other jurisdictions, and by availing itself of the services provided by those jurisdictions, Market Leasing subjects itself to their taxing authority. National Geographic Society v. California Board of Equalization, supra at 559, 97 S.Ct. at 1391. The school board may require Market Leasing to collect the tax on the lease proceeds from the act of leasing vehicles located in Lafayette Parish. Market Leasing becomes liable for the tax only if it fails or refuses to collect the tax from the lessee. It then has recourse against the lessee for the tax paid.[1]
Market Leasing contends that the lease tax sought to be imposed by the school board is unconstitutional because, when enacted by Acts 1964, Extra Session, No. 29, the title of the act did not include a reference to a tax on the lease or rental of property. Article 3, § 15(A) of the Louisiana Constitution requires that every bill "be confined to one object ... and contain a brief title indicative of its object."
"The purpose of the title-body clause is to give the members of the legislature and the public fair notice of the scope of the proposed legislation, and to prevent the joining in one act of incongruous and unrelated matters...." Louisiana Independent Auto Dealers Assn. v. State of Louisiana, 295 So.2d 796, 802 (La.1974).
"A legislator should not have to consider the validity of two unrelated objects in deciding how to vote on a bill." State v. Cooper, 382 So.2d 963, 965 (La.1980).
"`If all the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the statute is not considered as being open to the objection of plurality....'" State v. Cooper, supra at 965.
"It is not the purpose of this article [La. Const. art. 3, § 15(A)] to require that the title be an index to the contents of the act..." Southern Hide Co. v. Best, 176 La. 347, 352, 145 So. 682, 683 (1932).
We find the title of the act to be sufficient to give notice of the scope of the proposed legislation. The title indicates that the act's purpose is to "authorize parish or city school boards ... to levy and collect a sales and use tax ..." Acts of Extra Session 1964, No. 29. Section 2737 of Louisiana Revised Statutes Title 33, so enacted, reads in subsection B: "The sales tax so levied ... shall be levied upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption..." R.S. 33:2737 B. This is not a lease tax separate from the sales tax, but a sales tax on both sales and leases.
By contrast, Acts 1948, No. 9, enacting the state tax, creates a tax on the sale and use of property in its § 2(a) and creates a tax on the lease or rental of property in its § 2(b). It is not inconsistent that the title of that act refer to both the sales tax and the separate lease tax.
Market Leasing has argued that the school board lacks interest to sue for a 2% tax on the leases. It claims that the authorization, if valid, only allows the school board to collect a 1% tax. The school board claims to be the sales and use tax collecting authority for all of the political subdivisions within the Parish of Lafayette.
Other political subdivisions are authorized by Title 33 of the Louisiana Revised Statutes to collect sales taxes.
There is unrefuted trial testimony that the school board has entered into joint service *88 agreements with these other political subdivisions to enforce the sales tax ordinances of those jurisdictions. Neither party in this litigation presented evidence authorizing or prohibiting this agreement. This court is without a factual basis for invalidating this collection procedure in place in Lafayette Parish since 1975.
There remains some controversy over the exact amount of the tax debt. At the trial, the audit conducted by the school board was challenged by Market Leasing. No determination of its accuracy was made by the trial court because of the reasons for judgment given by the trial court.
For these reasons, the judgments of the district court and the court of appeal are set aside, and there is now judgment in favor of the Lafayette Parish School Board and against the defendant Market Leasing Company, Inc. for a 2% tax on leases as provided by the ordinance and the joint service agreements; the case is remanded to the trial court for a determination of the amounts due; the defendant is cast for all costs.
NOTES
[1] Section 2737 A authorizes a parish school board to levy a tax not in excess of 1% within the parish. Section 2737 B provides that the tax "shall be levied upon ... the lease or rental... of tangible personal property ... in the parish".
[2] La.R.S. 47:302 A(2), levying a use tax as a complement to the sales tax levied by Section 302 A(1), expressly provides that "there shall be no duplication of the tax".
[3] La.R.S. 47:302 D provides, for example, that sales or use tax which is paid to the state on certain new motor trucks, tractors, trailers and semi-trailers may be deducted as a credit against tax due on the rental of each such item, until the amount paid as sales or use tax has been exceeded. Section 2.02 of the Lafayette ordinance contains a similar credit provision.
[4] Upon purchasing each vehicle, defendant correctly paid state and local taxes on the retail sale to the Collector of Revenue. However, the question of whether or not the Collector remitted the local tax portions to authorities of the proper parish is not at issue in this action to collect a tax on a separate and distinct transaction involving the lease of the vehicle.
[5] La.R.S. 33:2737 authorizes a tax to be "levied upon the ... lease or rental ... of tangible personal property ... in the parish". Section 2.01 of the Lafayette ordinance only purported to impose a tax on "the lease or rental ... of tangible personal property ... within this Parish".
[6] Of course, most sellers at retail have a fixed business location within the particular parish, and most retail sales occur at that location.
[7] Because we conclude that the Board is attempting to collect a tax on transactions beyond those authorized by the enabling statute and by the local ordinance, it is unnecessary to address the issue of whether the Board has legislative jurisdiction to enact an ordinance which requires an out-of-parish lessor to collect a tax on leases to parish domiciliaries. For a recent discussion of the constitutional requirements of a state law which requires an out-of-state seller to collect a use tax on sales to residents of the taxing state, see National Geographic Soc. v. California Bd. of Equalization, 430 U.S. 551, 97 S.Ct. 1386, 51 L.Ed.2d 631 (1977).
[1] Section 4.09 of the Lafayette Parish School Board Sales and Use Tax Ordinance requires the purchaser [lessee] to pay the tax due directly to the taxing authority should the dealer [lessor] fail to collect the tax. Market Leasing might then be subrogated to the parish's right to collect the tax from the lessee.