**ERA HELICOPTERS, INC.**

v.

**STATE OF LOUISIANA, through/and its DEPARTMENT OF REVENUE AND TAXATION; and Shirley McNamara, Secretary of Louisiana Department of Revenue and Taxation.**

No. 86–467–B.

United States District Court, M.D. Louisiana.

Jan. 20, 1987.

Walter C. Thompson, Jr., William H. Cook, Jr., Francis R. White, III, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., for plaintiff.

Robert G. Pugh, Shreveport, La., for defendants.

POLOZOLA, District Judge.

The plaintiff, ERA Helicopters, Inc. ("ERA"), originally brought this suit in the Eastern District of Louisiana seeking a declaration that all or some parts of the Louisiana Sales & Use Tax statutes, La. Rev.Stat. 47:301 et seq. and the regulations thereunder, are unconstitutional either on their face or as applied under the Commerce, Equal Protection and Due Process Clauses of the United States Constitution. The suit was transferred to the Middle District of Louisiana.

Plaintiff contends that the statutes preclude plaintiff from being certified and registered as a "dealer", that is as a for-hire common carrier in interstate or foreign commerce. As a result, plaintiff contends he is precluded from calculating, reporting and paying Louisiana sales and use taxes

under the optional method provided in La. Rev.Stat. 47:306.1.

Plaintiff seeks an order enjoining and requiring that defendant deliver to plaintiff a certificate attesting to its registration as a "dealer" under La.Rev.Stat. 47:306.1.

The defendants have now filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Defendants contend the suit should be dismissed on the following grounds: (1) this court lacks jurisdiction by virtue of the provisions of the Tax Injunction Act, 28 U.S.C. § 1341; (2) the Eleventh Amendment to Constitution bars this suit against the State of Louisiana because the state has not consented to be sued or waived immunity; (3) the principles of comity and the doctrine of abstention apply; (4) and, the suit was filed in an improper venue.

The defendants' motion to dismiss for improper venue was granted by the United States District Court for the Eastern District of Louisiana. In lieu of dismissal, the Eastern District transferred the case to this court. The court reserved for this court a ruling on the remaining grounds of defendants' motion to dismiss.

The first question the court must consider is whether or not this court has jurisdiction over the subject matter of this suit. 28 U.S.C. § 1341 provides that:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

It is well settled that § 1341 applies to suits wherein declaratory relief is sought. *Archer Daniels Midland v. McNamara*, 544 F.Supp. 99, 101 (M.D.La.1982). "The statute 'implements important principles of comity and is a broad jurisdictional barrier to claims made in federal court that a state tax is illegal or unconstitutional'" Id. at 101 citing *Edwards v. Transcontinental Gas Pipe Line*, 464 F.Supp. 654 (M.D.La. 1979).

Plaintiff argues that § 1341, by its terms, does not apply under the facts of this case because ERA is not attempting to "enjoin, suspend or restrain the assessment, levy or collection" of Louisiana sales taxes. Instead ERA asserts that it simply seeks to compel the Department of Revenue and Taxation to issue to ERA an interstate or foreign carrier dealer's registration certificate. In support of its contention plaintiff relies on *Louisville & Nashville R.R. Co. v. Atkins*, 390 F.Supp. 576, 578 (M.D.Tenn.), *aff'd*, 423 U.S. 802, 96 S.Ct. 10, 46 L.Ed.2d 24 (1975); *Superior Oil Co. v. City of Port Arthur*, 535 F.Supp. 916 (E.D.Tex.1982); and, *Hargrave v. McKinney*, 413 F.2d 320 (5th Cir.1969).

The court finds plaintiff's reliance on these cases misplaced because these cases are distinguishable from the facts presented in the case now before the court. Although plaintiff argues that it merely "seeks *to pay* (emphasis plaintiff's) sales taxes under the alternative taxing system" and therefore does not seek to "enjoin, suspend or restrain", it is clear from the record that plaintiff seeks to avoid the payment of taxes on property and goods which plaintiff claims is used in Interstate Commerce.

██ In addition to the Tax Injunction Act, the principles of comity also prohibit a federal court from restraining the collection of state taxes when remedies at law are plain, adequate and complete. *Fair Assessment in Real Estate Association v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); *Great Lakes Dredge and Dock Company v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943).

Therefore, if a "plain, speedy and efficient remedy" is available in the state court, the Tax Injunction Act and principles of comity are a complete barrier to the jurisdiction of the federal court. *Fair Assessment in Real Estate Association v. McNamara supra*; *Archer Daniels Midland v. McNamara*, supra.

As this court held in *Archer Daniels Midland v. McNamara*, there are two basic remedies available under Louisiana law

to challenge the constitutionality of the statutes involved in this case. The first of these remedies is provided in La.Rev.Stat. 47:1576. Section 1576 provides that a person who feels that he is aggrieved by the assessment, levy or collection of a state tax in Louisiana may pay the tax assessed under protest, and, within the time limits provided in the statutes, sue for recovery thereof. The statute affords a taxpayer a "full and complete adjudication" of the legality and method of enforcement of tax statutes complained of. The statute also provides a legal remedy in the state court in cases where the tax is claimed to be an unlawful burden on Interstate Commerce or in violation of any act of Congress, the United States Constitution or the statutes or constitution of Louisiana.

Plaintiff contends that it may not be afforded a remedy under La.R.S. 47:1576 for several reasons. First, the plaintiff asserts that the statute by its terms only applies to those taxpayers who pay funds directly to the Department of Revenue and Taxation and therefore is inapplicable to a party in its posture, who is forced to pay general sales taxes to any Dealer/Seller from whom it purchases goods or merchandise. Plaintiff asserts that without a certificate and registration number, it is forced to pay the taxes at the time of purchase. The Dealer/Seller then remits the taxes to the Department of Revenue and Taxation. Plaintiff also argues that the statute requires the funds be escrowed and that if not done, the plaintiff is barred from recovery. Plaintiff asserts that there is no method provided for Dealer/Sellers to identify taxes "paid under protest" when they are remitted to the Department of Revenue and Taxation and, therefore the taxes cannot be escrowed. The plaintiff further contends that the statute does not identify: (1) who is to receive the protest—the Department or the Dealer/Seller; and (2) who must make the protest to the Department—the plaintiff or the Dealer/Seller or both? Finally, the plaintiff contends that even if § 1576 were available, the statute only provides for recovery of money and would not allow for the relief it seeks.

■ It is not necessary for the court to determine whether ERA can avail itself of the procedures set forth in La.R.S. 47:1576 because ERA does have a "plain, speedy and efficient remedy" to contest the validity of the taxes involved in this case under Articles 1871 and 1872 of the Louisiana Code of Civil Procedure which provide:

Art. 1871 Declaratory judgments; scope

Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

Art. 1872 states:

A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or francise and obtain a declaration of rights, status, or other legal relations thereunder.

The issue involved in this suit is very simple: ERA challenges the constitutionality of the state taxes involved herein on the grounds that the taxes are applied to it violate the Commerce, Equal Protection and Due Process Clauses of the United States Constitution. The State Declaratory Judgment statute clearly allows ERA to present this question to the appropriate state court for decision.

ERA, relying on *Two O'Clock Bayou Land Co., Inc. v. State*, 415 So.2d 990 (La.App. 3rd Cir.1982), contends that the Louisiana doctrine of the state's sovereign immunity bars an action for declaratory judgment. The court finds plaintiff's argu-

ment without merit. In *Two O'Clock Bayou,* the plaintiff sought a judgment declaring it to be the owner of the bed of a bayou pursuant to the state's grant of land to its ancestor in title. The Louisiana appellate court held that the action was properly dismissed on the ground of sovereign immunity. Plaintiff has failed to note that in *Two O'Clock Bayou,* the plaintiff was not challenging the validity or constitutionality of a state law as ERA is attempting to do in this suit.

It is clear that Louisiana has waived sovereign immunity in cases where a state statute is constitutionally challenged. As then Justice Tate stated in *Louisiana Independent Auto Dealers Association v. State of Louisiana,* 295 So.2d 796, 798 (La.1974):

> Articles 1871 et seq. of the Louisiana Code of Civil Procedure govern declaratory judgments in Louisiana. These articles make it clear that courts may declare rights, status, and other legal relations within their respective jurisdictions, whether or not further relief is or could be claimed. Article 1871.
>
> Persons whose rights, status or other legal relations are affected by a statute may have determined any question of construction or validity arising under the statute. Article 1872. In a proceeding involving the constitutionality of a statute, the attorney general must be cited with a copy of the proceeding and is entitled to be heard. Article 1880. The declaratory judgment provisions are to be liberally construed and administered in order to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. Article 1881.

There is nothing in *Two O'Clock Bayou* which precludes a party such as ERA from using the procedures set forth in the state declaratory judgment statute to challenge the constitutionality of a state tax. As this court noted in *Archer Daniels Midland,* supra at 103 n. 10, the court in *Lafayette Parish School Board v. Market Leasing Company, Inc.,* 407 So.2d 23 (La.App.3rd Cir.1981), *Rev'd,* 440 So.2d 81 (La.1983), recognized that while a suit for the recovery of state taxes paid is generally the exclusive method of challenging the validity of a state tax, La.R.S. 47:1576 may not be an appropriate remedy in all fact circumstances. In *Market Leasing Co.,*[1] the court held that since "no express tax provision deals with this matter the trial court was justified in resorting to codal articles to reach an equitable result." 407 So.2d at 25.

Additionally, plaintiff could obtain the certificate of registration it seeks if successful in a declaratory judgment action. La.Code Civ.P. art. 1878. In *DiVincenti Bros., Inc. v. Livingston Parish School Board,* 355 So.2d 1, 5 (La.App. 1st Cir.1977) the court held that a suit against a public body or public officer or employee to compel the legal performance of their ministerial duties is not considered as a suit against the state and is therefore not barred by sovereign immunity.

In summary, the court finds that ERA does have a "plain, speedy and efficient remedy" available to it in state court under the Louisiana Declaratory Judgment Act. The Tax Injunction Act expressly limits the jurisdiction of this court where such a remedy is provided in state court. The limitation on jurisdiction is express and unambiguous. Therefore, the Tax Injunction Act removes this case from within the subject matter jurisdiction of this court.

Therefore:

IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit without prejudice to any rights he may have in state court.

---

1. The Louisiana Supreme Court reversed the ultimate holding in *Lafayette Parish Sch. Bd. v. Market Leasing,* 440 So.2d 81 (1983), but implicitly upheld the appellate court's ruling that La. Rev.Stat. 47:1576 is not the exclusive method of challenging the validity of a state tax in all fact situations. The Court in its opinion addressed and upheld the constitutionality of the tax at issue, though such issue was not raised through the use of § 1576.