494 F.2d 364
 Leonard Howard MANDEL, Individually and on behalf of all
others similarly situated, Plaintiff-Appellant,
v.
Donald J. HUTCHINSON, Assessor, Alameda County, and the
Assessors and Tax Collectors of each of the other
fifty-eight Counties of the State of
California, Defendants-Appellees.
 No. 72-1362.
 United States Court of Appeals, Ninth Circuit.
 March 29, 1974.
 
 Irachmil B. Taus, II (argued), Beverly Hills, Cal., for plaintiff-appellant.
 James Dexter Clark, Deputy County Counsel (argued), John D. Maharg, County Counsel, Douglas V. Hart, Deputy County Counsel, Los Angeles, Cal., for defendants-appellees.
 Before BARNES, TRASK and GOODWIN, Circuit Judges.
 TRASK, Circuit Judge:
 
 
 1
 This appeal comes to us from the dismissal of appellant's complaint seeking state tax relief. Dismissal was based upon a lack of subject matter jurisdiction because of 28 U.S.C. 1341. In the court below jurisdiction was asserted under 42 U.S.C.A. 1983 and 28 U.S.C. 1343(3) (civil rights); 28 U.S.C. 2201, 2202 (declaratory judgment); and 28 U.S.C. 2281, 2284 (injunction by three-judge court). The District Court's decision and opinion are reported at 336 F.Supp. 772 (C.D.Cal.1971).
 
 
 2
 The complaint of the plaintiff-appellant was filed on behalf of himself and all others similarly situated against the assessors and tax collectors of each of the 58 counties of the State of California. It asserted that as a veteran he would be entitled to a limited property tax exemption but for a residency requirement imposed by the California Constitution in Article XIII, Section 1 1/4. This, together with implementing statutes, it is alleged, is unconstitutional as applied because the provisions are in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment. In addition, it is contended that they interfere with interstate commerce and impose a chilling effect upon the right of veterans of other states to move to California. Therefore, appellant argues, he and the class he represents are entitled to the tax relief they would otherwise obtain. The District Court denied all relief sought.
 
 
 3
 When an application to convene a three-judge court is made to a district court, the initial inquiry is whether the constitutional question sought to be raised is substantial; whether the complaint at least formally alleges a basis for equitable relief; and whether the case presented otherwise comes within the jurisdiction of the statute. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Howfield, Inc. v. United States, 409 F.2d 694, 697 (9th Cir. 1969). The three-judge requirement is a technical one to be construed narrowly. Bailey v. Patterson, supra, 369 U.S. at 33-34, 82 S.Ct. 549; Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941).
 
 
 4
 Here the district judge made the initial determination that a basis for federal jurisdiction was lacking and he therefore declined to convene a three-judge court. Mandel v. Hutchinson, 336 F.Supp. 772, 776 (C.D.Cal.1971). This determination was solely his responsibility and we concur with his decision.
 
 
 5
 Even without a consideration of 28 U.S.C. 1341, serious questions could well be raised in opposition to appellant's efforts to obtain exemption from payment of state property taxes by initially filing suit in a court of the United States. The availability of such a remedy would pose a grave threat to the operation of a fiscal system of a state.[1] Moreover, in many such cases in which injunctive relief is sought, the allowance of an immediate federal remedy would ignore traditional doctrine foreclosing such relief until after the alternative remedies at law have been demonstrated to be inadequate.
 
 
 6
 We need not, however, resolve this suit by resort to self-imposed judicial abstention grounded upon notions of comity and equity. Rather, the strong public policy of federal noninterference with state taxation schemes has been statutorily embodied in 28 U.S.C. 1341, which provides as follows:
 
 
 7
 'The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'
 
 
 8
 The jurisdictional bar of section 1341 is not avoided by challenging the constitutionality of the state tax statute that authorizes the challenged collection. This has been the teaching of the Supreme Court for some time:
 
 
 9
 'Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts from which the cause may be brought to this Court for review . . ..' Matthews v. Rodgers, 284 U.S. 521, 525-526, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932).
 
 
 10
 See also Great Lakes Co. v. Huffman, 319 U.S. 293, 298, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966), cert. denied, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967).
 
 
 11
 Here, then, the inquiry must be whether the State affords a 'plain, speedy and efficient' remedy. If so, a federal court lacks jurisdiction either to consider the matter and grant rilief or to convene a three-judge court to do so. The three-judge court under these circumstances would have no greater jurisdiction than that of the single district judge. See Carrigan v. Sunland-Tujunga Telephone Co., 263 F.2d 568, 572-573 (9th Cir.), cert. denied, 359 U.S. 975, 79 S.Ct. 893, 3 L.Ed.2d 841 (1959).
 
 
 12
 The trial court found that the appellant had three alternative remedies under California law that were 'plain, speedy and efficient.' First, the tax may be paid under protest, a suit may be commenced to recover the same, and interest will be allowed. Cal.Rev. & Tax Code 5136, 5138, 5141 (West 1970). This procedure may be used to obtain a judgment declaring that a tax exemption must be allowed, and to require that the illegally collected tax be refunded. City of Long Beach v. Board of Supervisors, 50 Cal.2d 674, 675, 680, 328 P.2d 964, 965, 967 (1958). Second, the Board of Supervisors may refund taxes erroneously or illegally collected if a claim for refund of these monies is filed within 3 years of the date of payment. Cal.Rev. & Tax Code 5096, 5097 (West 1970). If the Board of Supervisors denies the claim, the taxpayer may sue for a refund and collect interest. Cal.Rev. & Tax Code 5103, 5105 (West 1970). This procedure is available to a taxpayer who alleges that he was wrongfully deprived of the veterans' exemption of Article XIII, Section 1 1/4, of the California Constitution. Sherman v. Quinn, 31 Cal.2d 661, 665, 192 P.2d 17, 19 (1948). Third, the taxpayer may obtain a writ of mandate if there is no adequate remedy at law. Cal.Code Civ.P. 1086 (West 1955). In Lockhart v. Wolden, 17 Cal.2d 628, 633, 111 P.2d 319, 322 (1941), the California Supreme Court granted a writ of mandate to a taxpayer who claimed that the county assessor denied her a veteran's exemption on the ground the exemption was not available to women. The court suggested that a writ of mandate was appropriate because of the large group of individuals in the petitioner's class. More recently, however, the California Supreme Court has generally refused to grant a writ of mandate because of the adequacy of the State's refund procedure at law.[2]
 
 
 13
 For a state remedy to be 'adequate' under 28 U.S.C. 1341 it need not necessarily be 'the best remedy available or even equal to or better than the remedy which might be available in the federal courts.' Bland v. McHann, 463 F.2d 21, 29 (5th Cir. 1972), cert. denied, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). We have held previously that the California refund procedure is a plain, speedy and efficient remedy. Aronoff v. Franchise Tax Board, 348 F.2d 9 (9th Cir. 1965); Harsh California Corp. v. County of San Bernardino, 262 F.2d 626, 628, 630 (9th Cir. 1958).
 
 
 14
 Appellant contends that the remedy in state court is not adequate under section 1341 because litigation involving 58 counties and several thousand potential plaintiffs would engender multiple court costs and burdensome attorneys' fees. Court costs, of course, are recoverable by a successful litigant. Moreover, liberal joinder provisions may dissipate much of the objection. See DeMille v. Los Angeles County, 25 Cal.App.2d 506, 77 P.2d 905 (Dist.Ct.App.1938). Finally, we are not convinced that if a few litigants are successful, each of the others will separately have to file, and carry to a completely litigated conclusion, a full-blown adversary lawsuit.
 
 
 15
 We find that the California State court remedies are 'plain, speedy and efficient,' and affirm the judgment of the District Court.
 
 
 16
 Judgment affirmed.
 
 
 
 [1]
 Mr. Justice Brennan in another context has addressed himself to some of the problems such proceedings might entail:
 'The special reasons justifying the policy of federal non-interference with state tax collection are obvious. The procedures for mass assessment and collection of state taxes and for administration and adjudication of taxpayers' disputes with tax officials are generally complex and necessarily designed to operate according to established rules. State tax agencies are organized to discharge their responsibilities in accordance with the state procedures. If federal declaratory relief were available to test state tax assessments, state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts. See generally S.Rep.No.1035, 75th Cong., 1st Sess. (1937). These considerations make clear that the underlying policy of the anti-tax-injunction statute, 28 U.S.C. 1341, relied on in Great Lakes, bars all anticipatory federal adjudication in this field, not merely federal injunctions.' Perez v. Ledesma, 401 U.S. 82, 128 n. 17, 91 S.Ct. 674, 698, 27 L.Ed.2d 701 (1971) (separate opinion).
 
 
 [2]
 The particular exigencies of a given case have, from time to time, caused the California Supreme Court to view the refund procedure as inadequate for that individual case and have thus necessitated equitable relief through a writ of mandate. E.g., County of Sacramento v. Hickman, 66 Cal.2d 841, 59 Cal.Rptr. 609, 428 P.2d 593, 595-596 (1967); Corona Unified Hosp. Dist. v. Superior Court, 61 Cal.2d 846, 40 Cal.Rptr. 745 395 P.2d 817 (1964)