**Eichler O. KELLY, Appellant,**

v.

**H. E. SPRINGETT, Bureau of Narcotics Enforcement, et al., Appellees.**

**No. 74–1897.**

United States Court of Appeals, Ninth Circuit.

Sept. 5, 1975.

Rehearing Denied Oct. 20, 1975.

Eichler O. Kelly, in pro. per.

Eddie T. Keller, Deputy Atty. Gen., Sacramento, Cal., for appellees.

## OPINION

Before CHAMBERS, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge:

This appeal is taken from a summary judgment entered in favor of appellees in an action prosecuted by appellant under 42 U.S.C. § 1983.

## PREVIOUS HISTORY

In March, 1971, appellant's amended complaint was dismissed by the district court. On appeal, we vacated the judgment and remanded for consideration in the light of *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Thereafter, certain documents developing the facts in connection with appellant's claims were filed with the district court. Subsequently, that court granted the summary judgment from which this appeal is prosecuted.

## PRESENT LITIGATION

The record now before us and before the district court at the time of allowance of the motion granting the summary judgment discloses the following facts. On January 30, 1968, appellee Springett, an agent of the California Bureau of Narcotics Enforcement, entered appellant's business premises armed with warrants to search and arrest. Springett arrested Kelly and took from his person $1,113.00, not including some marked $20.00 bills which had been given to Kelly in a sale of narcotics to a government informer. Although the search warrant authorized a search for narcotics and narcotics' paraphernalia only, Springett took from the premises various other items, including a Bank of America passbook for Kelly's commercial account.

In a state court hearing, the state maintained that this sum of money was taken pursuant to the arrest and not under the authority of the search warrant.

After ascertaining the facts, the California Franchise Tax Board entered an order to withhold income taxes from this fund and the commercial account. The funds were then delivered to the Board. This order was issued by appellee Heryet, Branch Manager of the Board's San Diego Office. He had earlier informed appellee Williams, the Board's Chief of Claims and Review, that Kelly's income for the tax years 1966 and 1967 was substantial. Williams reviewed appellant's files and found no personal income tax returns had been filed for the tax years in question. Jeopardy assessments were immediately made against appellant and at this time an order was issued to Springett to withhold on the $1,113.00. The inquiry indicated a total taxable income in a substantial amount on the basis of which a jeopardy assessment of $28,599.00 was levied. Appellant alleged, and it is not denied, that Heryet issued an order to Bank of America to withhold the tax from the funds in its hands.

Appellant did not file with the district court a showing tending to refute the facts as above outlined. Although he does not dispute that he had income for the years in question, he says he paid his taxes.

## ISSUES ON APPEAL

We summarize appellant's contentions as follows:

(1) Deprivation of his right to bail by reason of alleged confiscation of the $1,113.00 and his bank account.

(2) Deprivation of his right to retained counsel by reason of the seizure of such funds.

(3) Illegal confiscation of the funds and demand for judgment for the total of such funds.

On the question of whether a summary judgment was properly granted, we are governed by Rule 56(e), F.R.Civ.P., as interpreted in *United States v. Williams,* 416 F.2d 565, 567 (CA9 1969), *cert. denied sub nom. Gossett v. United*

*States,* 397 U.S. 961, 90 S.Ct. 992, 25 L.Ed.2d 253 (1970). It is there held that the obvious purpose of the 1966 amendment to the rule is to require a party opposing a summary judgment to set forth specific facts showing a genuine issue for trial.

## RIGHT TO BAIL

Appellant charges that the seizure of his funds effectively precluded him from being able to post bail. Although an accused has a Fourteenth Amendment due process right to have a state's bail system administered without caprice or discrimination, he has no absolute right to bail. *Bloss v. Michigan,* 421 F.2d 903, 905 (CA6 1970), cf. *Roberson v. Connecticut,* 501 F.2d 305, 308 (CA2 1974); *Wagner v. United States,* 250 F.2d 804, 805 (CA9 1957). The Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152, applies only to federal prisoners. *United States ex rel. Brown v. Fogel,* 395 F.2d 291 (CA4 1968); *Ballou v. Massachusetts,* 382 F.2d 292 (CA1 1967). Appellant does not claim that the California state bail system was administered with caprice or discrimination. This contention is meritless.

## RIGHT TO RETAINED COUNSEL

Here, appellant contends that the seizure of his funds effectively precluded him from retaining private counsel of his choice. This claim is made despite the fact that appellant was represented by appointed counsel at the trial. Appellant argues that cases such as *United States v. Jones,* 369 F.2d 217, 219 (CA7 1966), *cert. denied sub nom. Watkins v. United States,* 386 U.S. 944, 87 S.Ct. 976, 17 L.Ed.2d 875 (1967), give him a constitutional right to retained counsel. We disagree. The broad statement that an accused has a constitutional right to retained counsel must be qualified in at least two important respects. Either the accused must have been denied effective assistance of appointed counsel, *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), or he must have been entirely unrepresented by counsel. *Chandler v. Fretag,* 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954). In *United States v. Jones, supra,* the effective assistance of appointed counsel prevented the accused from successfully claiming a constitutional deprivation by reason of absence of counsel of his own choice. This circuit is in accord. *Sherman v. United States,* 241 F.2d 329, 331, 332, 336 (CA9 1957), *cert. denied* 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429; *rehg. denied* 355 U.S. 852, 78 S.Ct. 78, 2 L.Ed.2d 61. Here appellant makes no claim of ineffective assistance of counsel, and is entitled to no relief on this claim.

## CLAIM FOR JUDGMENT

Although prosecuted under the shield of a 42 U.S.C. § 1983 Civil Rights action, the appellant's demand for judgment for the sum of $4,575.94, seized under the jeopardy assessment of the California Franchise Tax Board is nothing less than a claim for a tax refund.

*United States v. Freedman,* 444 F.2d 1387 (CA9 1971), *cert. denied sub nom.* *Freedman v. United States,* 404 U.S. 992, 92 S.Ct. 538, 30 L.Ed.2d 544, is authority for the proposition that regardless of the form of an action to recover funds seized on an assessment, an absolute prerequisite to its maintenance is the filing of a claim for refund or for a proper credit pursuant to the statutes. True enough, we were there speaking of the maintenance of an action to recover funds seized under a federal assessment, rather than under an assessment by the state. Nonetheless, we believe that there is sufficient similarity between federal and state practice and procedure in the taxation field to employ the guidance of applicable federal cases to solve problems in state cases, absent state law on the subject.

The characterization of appellant's action as one for a tax refund brings him face to face with the prohibition in 28 U.S.C. § 1341, which provides:

"The district courts shall not enjoin, suspend or restrain the assessment,

levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."

▉ *Bland v. McHann,* 463 F.2d 21 (CA5 1972), *cert. denied* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973), stands for the tenet that § 1341 applies to suits for refunds, as well as to anticipatory relief. The *Bland* court also held that an action for refund was an integral part of state tax administration and that there was no reason to bifurcate the state remedy. *Id.* at 27. We agree with both conclusions. The *Bland* decision has been recently reaffirmed in *United States v. State Tax Comm'n,* 505 F.2d 633, 638 (CA5 1974). Interestingly enough, we cited *Bland* with approval in *Mandel v. Hutchinson,* 494 F.2d 364, 367 (CA9 1974), where we held that the California tax refund procedure provides a plain, speedy and efficient remedy. It is true that appellant's action is brought under 42 U.S.C. § 1983, the jurisdictional statute of which is 28 U.S.C. § 1343(3) and, consequently, does not require prior exhaustion of remedies. However, where § 1343(3) actions are confronted with the § 1341 provision, the latter control and exhaustion of state remedies is required. *Bland v. McHann, supra,* pp. 24–25; *Mandel v. Hutchinson, supra,* p. 367. *Cf. Lynch v. Household Finance Corp.,* 405 U.S. 538, 542–543, n. 6, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

▉ Appellant's argument that California Penal Code § 2600 providing, among other things, that a sentence of imprisonment in a state prison for any term suspends the civil rights of the parties so sentenced, is groundless. The same section provides that the Adult Authority may restore to such a person during his imprisonment such civil rights as the authority may deem proper. There is no showing whatsoever that appellant ever applied to the Adult Authority for a restoration of his civil rights for the purpose of seeking a refund under the California procedures. In these circumstances, we hold that the provisions of § 1341 prohibited the district court from entertaining Kelly's action for what is in effect an action for a tax refund.

## THE TAX ASSESSMENT AND SEIZURE

▉ Finally, we find nothing unconstitutional, or for that matter unusual, in the procedure utilized by appellees in the assessment and seizure of the funds in question. Here, under California law, there is a provision for judicial review. *Mandel v. Hutchinson, supra,* p. 367. On these facts, the summary collection procedure utilized by appellees is constitutional. *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589, 595, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). The requirement of a prior hearing is not applicable to a tax collection proceeding. *Fuentes v. Shevin,* 407 U.S. 67, 92, n. 24, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Moreover, the legality of the original seizure has no relevance in an attack on the collection procedure. *United States v. Freedman, supra,* p. 1388.

## CONCLUSION

Appellant failed to state a claim under 42 U.S.C. § 1983. Appellant has presented no specific facts showing that there is a genuine issue for trial. The motion for summary judgment was properly granted and the judgment must be affirmed.

It is so ordered.