SULLIVAN, Justice,
for the Court:
Triangle Refineries, Inc. is a Delaware corporation, domiciled in Houston, Texas, and authorized to do business in the State of Mississippi. Appellant company is a bonded distributor of gasoline in the state under Mississippi Code Annotated § 27-55-5 (Supp.1984), engaged in the business of importing petroleum products into the state, purchasing the same from Mississippi suppliers, and selling such products to other distributors. On all gasoline imported into Mississippi, appellant pays Mississippi gas exise tax in accordance with Mississippi Code Annotated § 27-55-1 (Supp. 1984). On transactions considered exempt by the state, appellant is required by statute to file for a refund of this gasoline tax. By its own mistake, appellant failed to file claims for 1975, 1976 and 1977, exempt transactions.
In 1978, appellant filed claims for refund of tax for these years, but the Attorney General’s office disallowed refunds for taxes paid except those that were paid between January 17, 1977, and January 17, 1978, the latter being the date upon which appellant filed for refunds. Appellant was advised that claims prior to January 17, 1977, were prohibited by Mississippi Code Annotated § 27-55-19 (1972). Appellant subsequently filed suit in the Chancery Court of Hinds County, and, following a review and audit, the state’s demurrer was sustained by the chancellor based on Mississippi Code Annotated § 27-55-19 (1972). Aggrieved at that decision, in January of 1980, appellant brought an appeal to this Court wherein we reversed and remanded to the chancery court, holding that the case should be processed by the chancery court to develop an appellate record before the Motor Vehicle Comptroller, State Auditor, and the Attorney General.
In the interim, Senate Bill No. 2542 was enacted by the Legislature during its 1980 legislative session, abolishing the office of Motor Vehicle Comptroller. In 1981, § 27-55-1, et seq., was amended to transfer all functions of that office to the State Tax Commission. The Act further substitutes the term State Tax Commission for Motor Vehicle Comptroller or comptroller wherever such term appears in the Laws of the State of Mississippi.
The parties involved agreed to seek remand from the chancery court in order to hold hearings before the appropriate entities to develop the necessary appellate record. The State Tax Commission then held a hearing and entered an order denying the claims based on Mississippi Code Annotated § 27-55-19 (Supp.1984), in that Triangle, in violation of this article, failed to file their claims within one year from the date of sale or delivery.
The State Auditor audited the claims for refund and submitted a report to the Attorney General rejecting the refund claims which were made by Triangle under Mississippi Code Annotated § 27-73-1 (1972). § 27-73-1 is a catchall tax refunding statute. Triangle appealed these two decisions to the chancery court which again rendered an opinion rejecting the appeals based on Mississippi Code Annotated § 27-55-19 (Supp.1984). Aggrieved, Triangle again brings its claim to this Court.
Triangle’s primary argument is that, while it is ineligible for a refund under § 27-55-19 (Supp.1984), other applicable statutes allow for such a refund. Specifically, they point to Mississippi Code Annotated § 27-55-45 (Supp.1984), which grants a three-year statute of limitations for the refund of taxes erroneously or illegally collected. However, this Court finds that the taxes, which admittedly were paid on transactions which would qualify as exempt had appellant filed timely, were not collected erroneously or illegally. Likewise, appellant argues that the catch-all statute, § 27-73-1, concerning the refund of taxes erroneously paid, should apply *652 with its three-year statute of limitations. While appellant argues that taxes on the transactions at issue were paid twice to the state in approximately 87% of the sales, it failed to prove this. Notwithstanding that fact, this Court again reiterates that it is upholding the decisions below by virtue of Mississippi Code Annotated § 27-55-19 (Supp.1984), which deals specifically with the situation at hand, rather than one of the general statutes asserted by appellant. In effect, the transactions which would have been exempt had appellant timely filed are not considered exempt transactions because of this failure to file timely. As noted in § 27-55-19,
In order to claim exemptions provided for under this article, the distributor of gasoline must file claims therefor within one (1) year from the date of sale or delivery; otherwise, claims for such exemptions shall be disallowed.
While the general rule of statutory interpretation calls for favoring the longer of two applicable statutes of limitations, and that close disputes should generally be resolved in favor of the taxpayer, there is a presumption in the law that a specific statute should be favored over a general statute.
Such is the case here, and based on the specificity of § 27-55-19 this Court is compelled to affirm the decision below.
AFFIRMED.
PATTERSON, C.J., and WALKER, and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.