John Thomas TODD, on Behalf of Himself and all others Similarly Situated, Plaintiffs,

v.

Pete JOHNSON, Auditor of Public Accounts; State Fiscal Management Board, Whose Members are Governor Ray Mabus, Dr. Maurice James and Mrs. Melia Peavy; Mississippi State Tax Commission, Whose Members are Dr. Charles A. Marx and Nicki Martinson; 1, 2, 3, and 4, Those Fictitious Parties who are Liable to the Plaintiffs for the Assessment, Levy or Collection of Unconstitutional and Void Income Taxes Pursuant to the Constitution of the United States of America, Whose True Identities are Unknown to the Plaintiffs but will be added by Amendment when Ascertained, Defendants.

Civ. A. No. J89–0218(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 18, 1989.

J. Jerry Langford, Walter D. Willson, Jackson, Miss., John W. Scharbrough, III, Mobile, Ala., for plaintiffs.

Stephen J. Kirchmayr, Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Motion of Defendants to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The thrust of the Defendants' Motion is that the Plaintiff's cause of action is barred by the Tax Injunction Act of 1937 (28 U.S.C. § 1341) and the Eleventh Amendment. The Defendants also invoke notions of federalism, comity, and the imperative need of the State of Mississippi to administer its own fiscal operations.

The Plaintiff filed his amended complaint pursuant to 28 U.S.C. section 1331 (federal question jurisdiction). His cause of action is alleged to arise under 4 U.S.C. section 111, 42 U.S.C. section 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. The Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. sections 2201, 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure. The Plaintiff further seeks to be designated as a class representative for all persons within the State of Mississippi similarly situated.

The Plaintiff is a Mississippi resident who is retired from the military service of the United States and receives retirement compensation therefrom. The Complaint alleges that all income taxes collected by the State of Mississippi on federal pension and retirements are unconstitutional and void *ab initio* pursuant to the laws and Constitution of the United States because the state does not collect any such taxes on *state* retirement benefits. Specifically, the Plaintiff alleges a violation of the Public Salary Tax Act of 1939, 4 U.S.C. section 111, and the doctrine of intergovernmental tax immunity. The Public Salary Tax Act states as follows:

> The United States consents to the taxation of pay or compensation for personal services as an officer or employee of the United States, a territory or possession or political subdivision thereof, the government of the District of Columbia, or an agency or instrumentality of one or more of the foregoing, by a duly constitutional taxing authority having jurisdiction, *if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation.* (emphasis added).

The Plaintiff asserts that because state benefits are not subject to state income tax, there is discrimination against the "source of the pay or compensation."

Plaintiffs would also invoke the jurisdiction of the federal courts under section 1983 in order to redress the alleged deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity, namely, the Constitutional doctrine of intergovernmental im-

munity found in the fifth and fourteenth amendments' guarantee of due process of the law. Because of these alleged violations, as a remedy, the Plaintiff seeks:

1. Class certification pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure,

2. A declaratory judgment pursuant to Rule 57, declaring Mississippi state income taxes collected upon retirement compensation and survivor benefits received from the government of the United States to be void,

3. A refund of all allegedly unconstitutional and void income taxes,

4. A permanent and prospective injunction, enjoining the Defendants from collecting any further allegedly unconstitutional income taxes and

5. Pre- and post-judgment interest and costs, as well as attorney's fees.

The Defendants would have the Court not consider 4 U.S.C. section 111 on its merits but assert that this Court lacks jurisdiction because of the Tax Injunction Act (28 U.S.C. § 1341) and the eleventh amendment. Section 1341 states:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law *where a plain, speedy and efficient remedy may be had in the courts of such state.* (emphasis added).

Defendants assert that such a plain, speedy and efficient remedy is provided for pursuant to various provisions of the Mississippi Code relating to the remedies provided to an aggrieved state income taxpayer. *See* Miss.Const., Art. 3, § 24 (Courts of Mississippi provide every person remedy for any injury done him in his lands, goods, person or reputation); Miss.Code Ann. §§ 27-7-313, 27-7-315, 27-7-51, 27-7-53, 27-7-71, and 27-7-73 (specific income tax provisions related to contesting the amount or validity of tax due); Miss.Code Ann. § 11-13-11 (taxpayers have right to enjoin collection of any tax levied or attempted to be collected without authority of law). These statutes provide for appeals from adverse administrative decisions to the chancery court, and Miss.Code Ann. § 11-51-3 provides that

taxpayers may appeal from adverse court decisions as a matter of right to the Supreme Court of Mississippi. Any federal constitutional arguments can be made in the state court proceedings. The United States Supreme Court can review the decisions of the Mississippi Supreme Court by way of writ of certiorari.

This Court finds that there is an adequate remedy at state law and therefore grants the Defendants' Motion to Dismiss this case.

## CONCLUSIONS OF LAW

■ The threshold question involved in this case is whether this Court has jurisdiction over the subject matter of this suit. It is well settled that section 1341 applies to suits wherein declaratory relief is sought. *Archer Daniels Midland v. McNamara,* 544 F.Supp. 99, 101 (M.D.La.1982). The fact of the presence of constitutional or other federal claims does not affect the application of section 1341. *Mandel v. Hutchinson,* 494 F.2d 364, 366 (9th Cir. 1974); *Archer Daniels,* 544 F.Supp. at 101. Furthermore, the presence of section 1983 claims similarly does not affect the operation of section 1341. *Bland v. McHann,* 463 F.2d 21, 24 (5th Cir.1972); *Raskauskas v. Town of Bethany Beach,* 555 F.Supp. 783, 787 (D.Del.1983); *Edwards v. Transcontinental Gas Pipe Line,* 464 F.Supp. 654, 657 (M.D.La.1979); *Varian Assocs. v. County of Santa Clara,* 317 F.Supp. 888, 891 (N.D.Cal.1970).

In addition to the prohibition of 28 U.S.C. section 1341, principles of comity prohibit a federal court from restraining the collection of state taxes. Such comity considerations bar declaratory as well as injunctive relief, even where the constitutionality of the tax is at issue. *California v. Grace Brethren Church,* 457 U.S. 393, 411, 102 S.Ct. 2498, 2509, 73 L.Ed.2d 93 (1982). In *Great Lakes Dredge and Dock Co. v. Huffman,* 319 U.S. 293, 300-01, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407 (1943) the United States Supreme Court stated:

The considerations which persuaded federal courts of equity not to grant relief against an allegedly unlawful state tax,

and which led to the enactment of the act of August 21, 1937, are persuasive that relief by way of declaratory judgment may likewise be withheld in the sound discretion of the court. With due regard to these considerations, it is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature had provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. In such a suit he may assert his federal rights and secure a review of them by this court. This affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state's administration of its taxes.

This equitable rule of restraint is based upon the recognition that:

[t]he procedures for mass assessment and collection of state taxes and for administration and adjudication of taxpayers' disputes with tax officials are generally complex and necessarily designed to operate according to established rules. State tax agencies are organized to discharge their responsibilities in accordance with state procedures. If federal declaratory relief were available to test state tax assessments, state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with subsequent damage to the state's budget, and perhaps a shift to the state of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law are more properly heard in the state courts.

*Perez v. Ledesma,* 401 U.S. 82, 128 n. 17, 91 S.Ct. 674, 698 n. 17, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring in part, dissenting in part).

Similarly, the fact that the Plaintiff seeks the legal remedy of damages in the form of a refund does not avoid application of equitable principles mandating the holding in this case. While it is true that section 1341 only specifically refers to injunctive relief, in *Great Lakes* the Supreme Court observed that Congress did not thereby evince an intention to disapprove of the policy of federal courts, in the exercise of their equity jurisdiction, of declining jurisdiction as a matter of discretion when the state remedy for challenging taxes was plain, adequate and complete. *Great Lakes,* 319 U.S. at 299, 63 S.Ct. at 1073. *See Matthews v. Rodgers,* 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932). Thus, although more than mere equitable relief is demanded in the instant case, the Plaintiff's grounds for relief are met by a well-established federal equity policy of abstaining from passing upon the constitutionality of state action when there is a possibility that review of such action by a state court, following the principles of state law, might render such federal scrutiny unnecessary. *Spector Motor Serv. v. McLaughlin,* 323 U.S. 101, 105–106, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944).

■ The relevant inquiry now becomes whether or not there is a "plain, speedy and efficient" remedy under state law. The Court first notes that the necessary state remedy need not be necessarily the best remedy available or even equal to or better than the remedy which might be available in the federal courts. *Mandel,* 494 F.2d at 367; *Bland,* 463 F.2d at 29. In *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) the United States Supreme Court set forth the criteria for judging whether or not a "plain, speedy and efficient remedy" under state law is available. According to *Rosewell,* the "plain, speedy and efficient remedy" language appears to require a state court remedy that meets certain minimal *procedural* criteria. (emphasis is the Court's). Citing *Tully v. Griffin, Inc.,* 429 U.S. 68, 74, 97 S.Ct. 219, 223, 50 L.Ed.2d 227 (1976), the *Rosewell* Court described its basic inquiry as whether or not under state law there is a plain, speedy and efficient way for the taxpayer to press its constitutional claims while preserving the right to challenge the amount of tax due. More

specifically, the Court cited *Great Lakes*, where the Court earlier stated:

> [I]t is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. *In such a suit he may assert his federal rights* and secure a review of them by this Court. This affords an adequate remedy to the taxpayer and at the same time leaves undisturbed the state's administration of its taxes. (emphasis is the Court's).

*Rosewell*, 450 U.S. at 513, 101 S.Ct. at 1229.

█ The Mississippi Income Tax Refund Statutes codified in Title 27, Chapter 7 of the Mississippi Code, in brief, provide that a taxpayer who feels aggrieved by the assessment, levy or collection of a state tax in Mississippi may pay the tax under protest, and, within the time limits provided in the statutes, sue for recovery thereof. This is done by filing a petition with the chairman of the Mississippi State Tax Commission raising any and all challenges, including, but not limited to, federal constitutional and statutory challenges. Within ten days after the petition is filed, the Commissioner is required either to make the requested refund or set the matter for hearing. If the taxpayer is aggrieved over the decision of the Commissioner at the hearing, an appeals procedure exists whereby the taxpayer, as a matter of right, can have his case heard by the Supreme Court of Mississippi. Additionally, the Mississippi Supreme Court has held that "where there is a void assessment, or where the law is unconstitutional, a taxpayer may seek relief in the courts in the first instance." *Davis v. Barr*, 250 Miss. 54, 157 So.2d 505, 510 (1963). This can be done when pursuit of administrative remedies would be of no avail. *Id.* According to Mississippi Code Annotated section 11–13–11, taxpayers have the right to *enjoin* the collection of any tax "levied or attempted to be collected without authority of law." *See Fondren v. State Tax Commission*, 350 So.2d 1329, 1333 (Miss.1977) (taxpayer sued pursuant to statute to enjoin state tax

commission from approving county recapitulation of assessment rolls until the state tax commission complied with its statutory and constitutional duty to equalize assessments among counties). There can be no doubt that the "plain, speedy and efficient remedy" referred to in the Tax Injunction Act has been provided for in the Mississippi statutes.

The Plaintiff would challenge the state remedies provided for based upon his reading of Mississippi Code Annotated section 27–73–1, which is a general "catch-all" statute analogous to a "general" statute of limitations. The Plaintiff points to two provisions of section 27–73–1 in support of his argument that it prevents a plain, speedy or efficient remedy in state court. One is a provision requiring authorization by the Attorney General before a refund can be granted. This argument is specious because the statute provides that a taxpayer feeling aggrieved at the disapproval by the Attorney General may, within six months, file in the chancery court his petition for appeal and review, where the controversy shall be tried by the court. The Plaintiff's second objection is that section 27–73–1 provides that no refund can be recovered absent an appropriation by the legislature for such purposes. It is instructive that paragraph (2) of section 27–73–1 provides that this section "shall not be construed as repealing or modifying ... any other law providing for the application for or the certification of a claim or refund, but *shall be taken and construed as an additional and supplemental method of refunding taxes erroneously paid.*" (emphasis added). As noted earlier by the Court, this provision is analogous to a general statute of limitations, which gives way in the face of a specific statute. In all such matters, the Supreme Court of Mississippi has held that "a specific statute should be favored over a general statute." *Triangle Refineries, Inc. v. Mabus*, 467 So.2d 650, 651 (Miss.1985). This Court therefore holds that section 27–73–1 in no way interferes with or prevents recovery under the income tax refund statutes of Title 27, Chapter 7. Therefore, the Plaintiff's re-

liance on *American Trucking Associations, Inc. v. O'Neill*, 522 F.Supp. 49 (D.Conn.1981) is misplaced.

Finally, the Court would note that it strongly suspects that the Plaintiff has brought this action in federal court for the purpose of obtaining the benefits of class action procedures unavailable in state court. In *Waldron v. Collins*, 788 F.2d 736 (11th Cir.1986), a case factually indistinguishable from the instant case, the Eleventh Circuit ruled that the absence of a provision for class actions in Georgia state court did not render that state's procedure for litigating state income tax questions inadequate for purposes of the Tax Injunction Act. In that case the plaintiff sought precisely the same relief as is requested in the instant case. The Plaintiff herein, confronted with adverse precedent on the class action issue (*see Waldron*, 788 F.2d at 736; *Bland*, 463 F.2d at 21) has alleged different but equally inadequate reasons why the state court remedy is not "plain, speedy and efficient." Be that as it may, this Court holds that the Mississippi state income tax remedy provisions meet the standard set forth in section 1341, and thus this Court lacks jurisdiction to hear this case. Obviously, since the Court has held as it has, no consideration of the eleventh amendment arguments is required in this opinion.

THEREFORE, IT IS ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted. A separate judgment shall be submitted in accordance with the Federal Rules of Civil Procedure.

SO ORDERED.