F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAMAR LISTER,

      Plaintiff-Appellant,

v.

UTAH STATE TAX COMMISSION,

      Defendant-Appellee.

No. 05-4149
(D.C. No. 2:04-CV-618-DB)
(D. Utah)

**ORDER AND JUDGMENT***

Before **HENRY, McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff LaMar Lister, appearing pro se, appeals the district court's

dismissal of his complaint against the Utah State Tax Commission (the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

"Commission"). This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

The Auditing Division of the Commission determined that Mr. Lister was required to file Utah state income tax returns for the years 1999 and 2000, but he had failed to do so. It sent him a notice of estimated income tax, assessing unpaid Utah income taxes, penalties, and interest. Mr. Lister claimed that he was not required to file a Utah income tax return because he was a resident of Nevada. Following a formal hearing before an Administrative Law Judge, the Commission issued a ruling in March 2004, finding that Mr. Lister had been domiciled in Utah since April 1, 1999, and was, therefore, obligated to pay state income taxes for 1999 and 2000.

Mr. Lister then filed a complaint in the federal district court in Utah asserting that the Commission lacked authority to determine his residency and requesting that the district court invalidate the Commission's March 2004 order. The Commission filed a motion to dismiss, contending Mr. Lister's claims were barred by the Tax Injunction Act, 28 U.S.C. § 1341 (TIA), and Eleventh Amendment immunity. The district court summarily dismissed, adopting the reasoning in the motion to dismiss.

The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a

plain, speedy and efficient remedy may be had in the courts of such State."
§ 1341. The TIA is a broad prohibition against the use of the equity powers of
federal courts involving state tax matters. *Brooks v. Nance*, 801 F.2d 1237, 1239
(10th Cir. 1986). It forbids not only injunctive relief, but also declaratory and
monetary relief. *See Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*,
515 U.S. 582, 586-87 (1995); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305,
1309 (10th Cir. 1999). The TIA "operates to divest the federal courts of subject
matter jurisdiction over claims challenging state taxation procedures where the
state courts provide a plain, speedy and efficient remedy." *Marcus*, 170 F.3d at
1309 (quotations omitted). We review the district court's dismissal de novo. *Id*.

Mr. Lister contends that he is not seeking to enjoin, suspend or restrain the
assessment of any tax under state law, but is merely seeking a declaration that the
Commission lacked authority to determine and declare his domicile. We disagree.
Mr. Lister's action clearly seeks both injunctive and declaratory relief related to
state tax matters and clearly seeks to invalidate and interfere with a state tax levy.
This is prohibited under the TIA. This is true even where a plaintiff is
challenging a tax-related residency requirement. *See Mandel v. Hutchinson*,
494 F.2d 364, 365-66 (9th Cir. 1974) (holding that TIA prohibits federal court
from intervening in a tax suit regarding residency requirements, even where
plaintiff alleges the tax is unconstitutional).

Mr. Lister argues that, as a resident of Nevada, he has no other forum beside the federal court to resolve the question of his residency. He further claims that the Commission's decision violated his constitutional due process rights. Utah provides a plain, speedy and efficient remedy in its courts for Mr. Lister to challenge the residency determination by the Commission, and to raise any constitutional challenge. *See California v. Grace Brethren Church*, 457 U.S. 393, 413 (1982) (holding that state remedy will be sufficient if it provides the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any and all constitutional objections). Pursuant to Utah Code Ann. § 59-1-501 through 59-1-610, any aggrieved taxpayer is entitled to a hearing before the Commission, which Mr. Lister received; de novo review of the Commission's decision in the state district court, which Mr. Lister did not pursue; and appellate review by the Utah Court of Appeals and the Utah Supreme Court. Moreover, Mr. Lister could pay the tax under protest and then challenge the legality or constitutionality of the tax in Utah state court pursuant to Utah Code Ann. § 59-1-301.

Thus, Mr. Lister had a plain, speedy and efficient remedy under Utah state law to correct any erroneous decision of the Commission and to raise any alleged violation of his constitutional rights. *Cf. Brooks*, 801 F.2d at 1240. The district

court correctly ruled, therefore, that it lacked jurisdiction to consider Mr. Lister's claims. Because we affirm the dismissal under the TIA, we need not address the applicability of the Eleventh Amendment.

The judgment of the district court is AFFIRMED.


Entered for the Court


Monroe G. McKay
Circuit Judge